## NATHANIEL BAILEY vs. ELI KILBURN.

H. made a deed of land, naming no grantee, one third thereof "for the use of a school house, if the neighboring inhabitants see cause to build a school house thereon : " A school house was built thereon by a school district, and afterwards A. as agent of a school district *de facto*, that acted as successor of the former district, leased a part of said tract to B. for ten years : B. held over, after the expiration of the ten years, and a school district, which had been duly constituted after said lease was made, author ized K. to enter on said tract and take possession thereof for said district : K. entered accordingly, and B. brought an action of trespass against him. *Held*, that though no legal estate passed by the deed of H., yet that a trust was thereby created, which the court would be authorized and bound, as a court of equity, to protect, and would appoint a trustee to take the legal estate from H.'s heirs, who would be bound to convey it to him. *Held also*, that the said lease to B. was admissible in evidence against him, and that he was estopped to deny that A. was duly appointed agent of the school district *de facto*, or that said district had a good title to the said tract.

TRESPASS for breaking and entering the plaintiff's close in Sterling. The defendant stated, in a specification of defence, that the soil and freehold of the *locus in quo* was in the inhabitants of school district No. 2, in Sterling, and that the alleged trespass was an entry under their vote authorizing him to take possession for the district.

At the trial in the court of common pleas, before *Merrick*, J. the plaintiff produced no evidence of title, except by possession. Witnesses testified that the plaintiff went into possession of the land in question in 1831, and continued to occupy it till the spring of 1842, when he planted it with corn ; that soon ·after the corn had 'come up, the defendant entered upon the land and ploughed it ; which was the trespass alleged in the plaintiff's declaration.

The defendant, to prove title in the inhabitants of school district No. 2, offered in evidence an office copy of a deed which is set forth in the margin,* made by Zachariah Har-

---

* " To all people to whom it may concern, this may certify that I, Zachariah Harvey, of Shrewsbury," &c., " have conveyed and do freely give and confirm a certain parcel of land lying and situate in said Shrewsbury," (now Sterling,) " containing two acres and seventy rods, bounded as followeth : " (Here the boundaries were inserted.) " Two thirds of the northerly part thereof for the use of a burying place for all such people as see cause to bury their dead therein ; and the remainler thereof for the use of a school house, if the neigh-

vey, purporting to convey the land in question, including also an adjoining tract of land for a burying ground. The defendant then called a witness, who testified that there was formerly on the said land a school house, which belonged to a district called the Leg District, and which was removed therefrom about the year 1800; that said district was the same which was afterwards, and is now, called district No. 2; that the inhabitants of the district, soon after the school house was removed, voluntarily met, and built a wall in front of said land, upon the road, about ten feet farther from the road than a wall recently erected, in front of said land, by the plaintiff; that the land was leased at auction, in 1831, for the term of ten years; and that it was stated, at the time of so leasing it, that whoever bid it off was to have the privilege of moving the wall farther towards the road, if he pleased so to do; that after 1800, the land was used for cultivation, and that no house had since been placed upon it.

The defendant then offered the records of the town of Sterling, for the years 1797, 1830, and 1834, to show that the inhabitants of that part of the town, where said land is situated, were established as school district No. 2. But the judge ruled that said records for the years 1797 and 1831 did not show that fact; but that said district was legally constituted, as shown by the records of 1834.

The defendant then offered to prove, by witnesses, that the inhabitants residing in the vicinity of said land had, in fact, before 1834, associated as a school district, and had, as a district, assumed the ownership and management of said land. But the judge ruled that this evidence was inadmissible.

boring inhabitants see cause to build a school house thereon. Furthermore, I, the said Zachariah Harvey, engage for myself, my heirs, executors, administrators and assigns, that the above demised land shall lie forever for the uses above mentioned. In witness whereof, I have hereunto set my hand and seal this sixth day of November, and in the twenty sixth year of his majesty's reign, Anno Domini 1752.                         Zachariah Harvey. (seal.)

Signed, sealed and delivered in presence of John Farrar, James Ross."

This deed was acknowledged before J. Chandler, justice of the peace, on the 7th of November 1752, and was recorded in the registry of deeds on the same day.

The defendant then offered to put in the records of said alleged school district, prior to 1834, to show that said inhabitants, as a district, had assumed the ownership and management of said land. But the judge ruled that the books, purporting to be records of a school district prior to 1834 could not be used as evidence.

The defendant then offered Samuel Brown as a witness, to prove that, in the spring of 1831, he (Brown) as agent of the district, leased said land at auction, for the term of ten years, to the plaintiff. But the judge ruled that the agency must be proved by the record, and as there was, at that time, no legal school district existing, the agency could not be proved; inasmuch as the books, offered as such, were inadmissible as records of a school district.

The judge also ruled, that said school district No. 2, established in 1834, could not be regarded as the successor of the said alleged district which had no legal existence. And the judge further ruled that, upon the foregoing evidence, and the said evidence offered to be given, the said school district No. 2 derived no title whatever under said deed of Zachariah Harvey.

A verdict was found for the plaintiff, and the defendant alleged exceptions to the several rulings aforesaid.

*Bacon,* for the defendant.

*Newton,* for the plaintiff.

WILDE, J. The first question discussed in this case is, whether the school district, under whose title the defendant justifies the alleged trespass, took or derived any legal estate under or from the deed of Zachariah Harvey.. The objection is, that no title passed by that deed, as no grantee is named to take the estate ; it being a mere dedication to public uses. It was argued by the defendant's counsel, that although this deed cannot operate by way of grant, it may by way of estoppel. But the answer is, that there is no party, in this case, that can take advantage of any estoppel ; and that it is as necessary that there should be parties to a deed, in order to create an estate by estoppel, as to pass an estate by grant.

But although it must be admitted that no legal estate passed by this deed, yet we think a trust was created, which this court, as a court of chancery, would be authorized and bound to protect ; and that the court would, if necessary, appoint a trustee to take the legal estate from the heirs of Harvey, who would be bound to convey to him the legal title to the premises. *Bartlett* v. *Nye*, 4 Met. 378. This trust was created, according to the terms of the deed, for the use and benefit of the neighboring inhabitants of that part of the lot which was appropriated for the use of a school house ; and the defendant offered to prove that the inhabitants in the vicinity had associated as a school district, and had assumed the ownership and management of the lot, including the *locus in quo.* The defendant also offered to prove that Samuel Brown, the agent of the school district, in the spring of 1831, leased the said lot to the plaintiff for the term of ten years. This evidence was rejected, on the ground that the agency of Brown could be proved only by the record of the proceedings of the school district, and that the books offered as such were not admissible in evidence, as it did not appear that the said school district had been duly organized. We are, however of opinion, that the lease should have been allowed to be proved, and that the plaintiff would have been estopped to deny that Brown was duly appointed agent by the school district, and that the said district had a good title to the premises demised. No principle is more clearly established, than that a lessee, after enjoyment, cannot be permitted to deny the lessor's title. And if he afterwards purchases another title, he cannot set it up against his lessor, before he restores the possession at the expiration of his lease. *Driver* v. *Lawrence*, 2 W. Bl. 1259. *Cooke* v. *Loxley*, 5 T. R. 4. *Cobb* v. *Arnold*, 8 Met. 398. Nor is it necessary to prove that the agent was duly appointed ; for the plaintiff is estopped to deny it, for the same reason by which he is estopped to deny the title of his lessors.

*New trial granted.*